IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHARMILA MELISSA POWELL,

    Plaintiff,

v.

WAYNE COUNTY DETENTION
CENTER,

    Defendant.

CIVIL ACTION NO.: CV208-114

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Wayne County Detention Center in Jesup, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F. 2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as Defendant the Wayne County Detention Center. Plaintiff generally asserts that she has been discriminated against and denied her constitutional right to freely practice her religion. (Doc. No. 1, p. 5).

Plaintiff's Complaint is fatally flawed for failing to name a proper defendant. Plaintiff only names the Wayne County Detention Center as Defendant. A jail has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Brown v. Emanuel County Detention Center, 2008 WL 80335, at *2 (S.D. Ga. 2008) (citing Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. 1996)). A plaintiff must set forth

AO 72A
(Rev. 8/82)

2

"a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's claims for the alleged violation of her constitutional rights should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Wayne County Detention Center be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE