IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHARMILA MELISSA POWELL,

    Plaintiff,

v.

CIVIL ACTION NO.: CV208-114

WAYNE COUNTY DETENTION
CENTER; LENNY HARRISON;
GARY JACKSON, and DONNA
NURRIDIN,

    Defendants.

## ORDER

After an independent review of the Record, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff contends that she was not aware she was required to name Defendants in her Complaint. Plaintiff asserts that she would like to add as Defendants Lenny Harrison, Donna Nurridin, and Gary Jackson. (Doc. No. 9, p. 1). Plaintiff also filed a Motion to Amend her Complaint in which she seeks to add Sheriff Carter as a Defendant and appears to have no objection to the Wayne County Detention Center being dismissed as a Defendant. (Doc. No. 13, p. 1). Wayne County Detention Center is **DISMISSED** as a Defendant.

In her Complaint, Plaintiff asserts that she has been discriminated against because she is Muslim. (Doc. No. 1, p. 5). Plaintiff further asserts that items of her religious tome were refused and sent back after Defendant Jackson informed her that

her family could send the items to her. Plaintiff alleges that she did not receive a response to her request for a Muslim Imam to come perform Muslim ceremonies after Defendant Jackson told her he would approve it if she could find someone to perform the ceremonies. (Id.). Plaintiff contends that Defendant Harrison told her that she could not pray outside of her cell, but Christian inmates are allowed to pray, sing, and read outside of their cells. (Id.). Plaintiff asserts that Defendant Nurridin counseled her to find a new religion and told her that as long as she is a Muslim, she will be disliked. (Id. at 5-6). Plaintiff alleges that she has not been allowed to cover her hair, as required by her Muslim faith. (Id.).

The Equal Protection Clause precludes the State (or state actors) from arbitrarily or capriciously classifying or treating similarly situated individuals differently. Stanton v. Stanton, 421 U.S. 7, 14 (1975). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) [s]he is similarly situated with other prisoners who received more favorable treatment; and (2) [her] discriminatory treatment was based on some constitutionally protected interest," such as race, gender, or religion. Jones v. Ray, 279 F. 3d 944, 946-947 (11th Cir. 2001) (internal quotation marks omitted).

Plaintiff has failed to allege any wrongdoing on the part of Sheriff Carter. Liberally construing Plaintiff's Complaint, Objections, and Motion to Amend, she appears to assert liability against Carter solely on the basis of respondeat superior. However, "[i]t is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1986). These allegations, when read in a light most favorable to the Plaintiff, fail to state a claim against Sheriff Carter for which relief can be granted under

42 U.S.C. § 1983 and 28 U.S.C. § 1915A. Plaintiff's claims against Sheriff Carter are **DISMISSED**.

Plaintiff's allegations, when read in a light most favorable to her, arguably state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Lenny Harrison, Gary Jackson, and Donna Nurridin. Plaintiff's request to add Lenny Harrison, Gary Jackson, and Donna Nurridin as Defendants is **GRANTED**. A copy of Plaintiff's Complaint, Objections, Motion to Amend, and a copy of this Order shall be served upon Defendants Harrison, Jackson, and Nurridin by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

## INSTRUCTIONS TO DEFENDANTS

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants Harrison, Jackson, and Nurridin are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that the Defendants take the deposition of any other person, the Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendants shall notify Plaintiff of the deposition and advise him that he may serve on the Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants Harrison, Jackson, and Nurridin or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number ..." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from the Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendant. Interrogatories shall not be filed with the court. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If

Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this ___7___ day of November, 2008.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE