IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SHARMILA MELISSA POWELL,

  Plaintiff,

v.           CIVIL ACTION NO.: CV208-114

LEROY HARRISON; GARY JACKSON,
and DONNA NURIDDIN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Metro State Prison in Atlanta, Georgia, filed an action pursuant to 42 U.S.C. § 1983 arising out of her confinement at the Wayne County Jail in Jesup, Georgia. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response, Defendants filed a Reply, and Plaintiff responded. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that she has been discriminated against by Defendants Gary Jackson, Donna Nuriddin, and Leroy Harrison because she is Muslim. (Doc. Nos. 1, 13). Plaintiff alleges that certain religious items were mailed to her and were refused and sent back by Defendant Jackson. (Doc. No. 1, p. 5). Plaintiff claims Defendant Jackson denied her the services of a Muslim imam during her incarceration. (Id.). Plaintiff claims she has been served food that has been seasoned with pork, which is

against her religious tenets, and that she has not been allowed to wear a hijab. (Id.). Plaintiff claims that Defendant Harrison told her that she could not pray outside of her cell, and that Defendant Nuriddin told her that as long as Plaintiff remained a Muslim that she would "continue to be disliked and [would] need to find a better religion." (Id. at pp. 5-6).

Defendants contend Plaintiff's claims for monetary relief are barred by the Prison Litigation Reform Act and Plaintiff's requests for injunctive relief should be dismissed as moot. (Doc. Nos. 39-2, 67).

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Plaintiff's Claims for Monetary Relief**

The Prison Litigation Reform Act provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Though § 1997e(e) does not define physical injury, the Eleventh Circuit has held that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp, 294 F.3d 1309, 1312-13 (11th Cir. 2002). Though there is no set list for de minimis injuries, no court has ever found that hypertension by itself constitutes a physical injury rising above that standard. See e.g., Chatham v. Adcock, No. 07-14995, 2009 WL 1788719, at *1 (11th Cir. June 24, 2009) (holding that a plaintiff's claims of anxiousness, nausea,

nightmares, hallucinations and increase in blood pressure were not enough to satisfy the § 1997e(e) physical injury requirement); May v. Donneli, No. 9:06CV437, 2009 WL 3049613, at *3 (N.D.N.Y. Sept. 18, 2009) ("Plaintiff's alleged increase in blood pressure does not amount to physical injury."); Taylor v. Duplechain, No. 08CV991, 2009 WL 1490836, at *2 (W.D. La. May 26, 2009) (chest pain and elevated blood pressure did not constitute injuries sufficient to satisfy the 1997e(e) threshold).

Plaintiff's assertion that she was diagnosed with hypertension does not rise to the level necessary to constitute a showing of physical injury required for her monetary damages claims for mental and emotional injury. Plaintiff only requests monetary damages for pain and suffering in her Complaint. Plaintiff's request for relief reads as follows:

> I would like the court to help me with my situation. So this will not happen to someone else of the Muslim religion. I would also like the court to grant me two hundred and fifty thousand dollars ($250,000.00). For all the pain and suffering I have endured, since beening [sic] held here at the Wayne County Detention Center. Since I have been here I have been emotionally and mentally drained. I have also been diagnosed with hypertension (high blood pressure). I have at times cried myself to sleep and still do at times. Please help me with my case.

(Doc. No. 1, p. 6). Viewed in the light most favorable to her, the facts fail to show that Plaintiff is entitled to any monetary damages for pain and suffering.

## II. Declaratory and Injunctive Relief Claims

Defendants assert that, to the extent Plaintiff's request that this Court "help her with her situation [s]o this will not happen to someone else of the Muslim religion," is a claim for declaratory or injunctive relief, it should be dismissed as moot because Plaintiff is no longer housed at the Wayne County Jail, and there is no immediate and real threat that Plaintiff will be deprived of any civil rights in the future.

Under Article III of the Constitution, federal courts may only hear "cases or controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). "A [claim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir.1993). A claim can still be considered if a court lacks "assurance that there is no reasonable expectation that the alleged violation will recur," or, as it is commonly stated, the situation is "capable of repetition, yet evading review[.]" DiMaio v. Democratic Nat'l Committee, 555 F.3d 1343, 1345 (11th Cir. 2009). "However, once a prisoner has been transferred, injunctive relief with respect to his confinement at his former place of incarceration is no longer available." Hampton v. Federal Correctional Institution, 2009 WL 1703221, *3 (N.D. Ga. June 18, 2009) (citing McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir.1984)); Hailey v. Kaiser, 201 F.3d 447, at *3 (10th Cir. 1999).

The Federal Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. In Golden v. Zwickler, the Supreme Court held that there is not a sufficient case or controversy for a declaratory judgment unless "there is substantial controversy . . . of sufficient immediacy and reality." 394 U.S. 103, 108 (1969).

Plaintiff has been transferred to the Metro State Prison in Atlanta, Georgia. Accordingly, she no longer has standing to seek injunctive relief, and her claim for such is moot. Further, a declaratory judgment is inappropriate in this case, as Plaintiff asserts no facts indicating substantial controversy of sufficient immediacy and reality.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 12th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE